FILED
DECEMBER 3, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WILKS, | ) | |
| Plaintiff, | ) | No. |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| COOK COUNTY; | ) | |
| Officer W. WOODS, Star 3471; and | ) | |
| Officer J. DUGGER, Star 4328; | ) | Jury Demand |
| Defendants. | ) | |

**07 C 6777**

**JUDGE LEINENWEBER**
**MAGISTRATE JUDGE KEYS**

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a citizen of the United States, and a resident of Chicago, Illinois.

5. At all relevant times, Defendant-Officers WOODS and DUGGER were correctional officers employed at the Cook County Jail.

6. At all relevant times, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation. The Defendant-Officers are sued in their individual capacity.

7. THOMAS DART is the Sheriff of Cook County, and is sued in his official capacity.

### Facts

8. On or about September 3, 2006, Plaintiff CHRISTOPHER WILKS arrived at the Cook County Jail as a new detainee.

9. Before bond court, Plaintiff was standing in a tunnel with other detainees awaiting orders.

10. Correctional officers, including Defendants WOODS and DUGGER, ordered Plaintiff and the other detainees to take off their clothes.

11. Plaintiff took off his clothes.

12. Plaintiff's pants had many pockets and straps.

13. Defendant WOODS asked Plaintiff what he had in his pants.

14. Plaintiff told WOODS that he was not sure of everything that was in his pants.

15. WOODS took Plaintiff's pants, cut them open and left the area.

16. WOODS returned to where Plaintiff was standing and told him that he found narcotics in Plaintiff's pants.

17. WOODS punched Plaintiff in the ribs.

18. Plaintiff bent over to protect his ribs.

19. WOODS then punched Plaintiff in the head several times.

20. Defendant DUGGER was present for incident described above.

21. After WOODS was done beating on Plaintiff, Plaintiff's head was bleeding.

22. Plaintiff was given paper towels to stop the bleeding.

23. Defendant-Officers also ordered Plaintiff to clean the blood on the floor with the paper towels.

24. Plaintiff was taken out of the tunnel and placed in a private room.

25. WOODS threatened Plaintiff again, but a female correctional officer told WOODS, "That's enough."

26. A correctional officer in a white shirt told Plaintiff that he had the option to either go to the hospital, or go before the bond judge.

27. Plaintiff chose to go to the hospital.

28. After an ambulance arrived, paramedics put Plaintiff on a stretcher and removed him from the jail.

29. Plaintiff's criminal attorney, who had come for Plaintiff's bond hearing, saw Plaintiff being transported on a stretcher.

30. Plaintiff told his attorney what happened.

31. Plaintiff's attorney followed Plaintiff to the hospital.

32. Plaintiff was taken to Mt. Sinai Hospital for medical attention. Plaintiff was treated for his injuries, including a cut on this head that required staples.

33. Plaintiff filed a grievance, and has exhausted his administrative remedies.

34. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

35. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including emotional distress, physical pain and suffering, mental anguish and humiliation, and special damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

36. Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein.

37. The actions of Defendant-Officer WOODS violated Plaintiff's right to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

38. Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein.

39. While Plaintiff was subjected to excessive force as described above, Defendant-Officer DUGGER had an opportunity to intervene, but chose not to intervene.

40. Defendant-Officer DUGGER was deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

41. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

42. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

43. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant COOK COUNTY is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant COOK COUNTY to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

/s/Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595