UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WILKS, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 6777 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Harry D. Leinenweber |
| COOK COUNTY; | ) | |
| Officer W. WOODS, Star 3471; and | ) | Magistrate Judge Keys |
| Officer J. DUGGER, Star 4328; | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COME Defendants, COOK COUNTY, OFFICER W. WOODS and OFFICER J. DUGGER, State's Attorney of Cook County, through his assistant, MICHAEL L. GALLAGHER, and answer Plaintiff's First Amended Complaint as follows:

1. This is an action for money damages brought pursuant to 42 U.S.C. §1983, and the Eighth and Fourteenth Amendments to the United States Constitution.

   **ANSWER:** Defendants admit the allegations contained in paragraph 1.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

   **ANSWER:** Defendants admit the allegation contained in paragraph 2.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

   **ANSWER:** Defendants admit the allegation contained in paragraph 3.

1

**Parties**

4.   Plaintiff is a citizen of the United States, and a resident of Chicago, Illinois.

**ANSWER:**   Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 4.

5.   At all times relevant times, Defendant-Officers WOODS and DUGGER were correctional officers employed at the Cook County Jail.

**ANSWER:**   Defendants admit the allegation contained in paragraph 5.

6.   At all relevant times, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation. The Defendant-Offices are sued in their individual capacity.

**ANSWER:**   Defendants admit the allegations contained in paragraph 6.

7.   THOMAS DART is the Sheriff of Cook County, and is sued in his official capacity.

**ANSWER:**   Defendants admit the allegation contained in paragraph 7.

**Facts**

8.   On or about September 3, 2006, Plaintiff CHRISTOPHER WILKS arrived at the Cook County jail as a new detainee.

**ANSWER:**   Defendants admit the allegation contained in paragraph 8.

9. Before bond court, Plaintiff was standing in a tunnel with other detainees awaiting orders.

**ANSWER:** Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 9.

10. Correctional officers, including Defendants WOODS and DUGGER, ordered Plaintiff and the other detainees to take off their clothes.

**ANSWER:** Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 10.

11. Plaintiff took off his clothes.

**ANSWER:** Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 11.

12. Plaintiff's pants had many pockets and straps.

**ANSWER:** Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 12.

13. Defendant WOODS asked Plaintiff what he had in his pants?

**ANSWER:** Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 13.

14. Plaintiff told WOODS that he was not sure of everything that was in his pants.

**ANSWER:** Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 14.

15. WOODS took Plaintiff's pants, cut them open and left the area.

**ANSWER:** Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 15.

16. WOODS returned to where Plaintiff was standing and told him that he found narcotics in Plaintiff's pants.

**ANSWER:** Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 16.

17. WOODS punched Plaintiff in the ribs.

**ANSWER:** Defendants deny the allegation contained in paragraph 17.

18. Plaintiff bent over to protect his ribs.

**ANSWER:** Defendants deny the allegation contained in paragraph 18.

19. WOODS then punched Plaintiff in the head several times.

**ANSWER:** Defendants deny the allegation contained in paragraph 19.

20. Defendant DUGGER was present for incident described above.

**ANSWER:** Defendants deny the allegation contained in paragraph 20.

21. After WOODS was done beating on Plaintiff, Plaintiff's head was bleeding.

**ANSWER:** Defendants deny the allegation contained in paragraph 21.

22. Plaintiff was given paper towels to stop the bleeding.

**ANSWER:** Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 22.

23. Defendant-Officers also ordered Plaintiff to clean the blood on the floor with the paper towels.

**ANSWER:** Defendants deny the allegation contained in paragraph 23.

24. Plaintiff was taken out of the tunnel and placed in a private room.

**ANSWER:** Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 24.

25. WOODS threatened Plaintiff again, but a female correctional officer told WOODS, "That's enough."

**ANSWER:** Defendants deny the allegation contained in paragraph 25.

26. A correctional officer in a white shirt told Plaintiff that he had the option to either go to the hospital, or go before the bond judge.

**ANSWER:** Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 26.

27. Plaintiff chose to go to the hospital.

**ANSWER:** Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 27.

28. After an ambulance arrived, paramedics put Plaintiff on a stretcher and removed him from the jail.

**ANSWER:** Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 28.

29. Plaintiff's criminal attorney, who had come for Plaintiff's bond hearing, saw Plaintiff being transported on a stretcher.

**ANSWER:** Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 29.

30. Plaintiff told his attorney what happened.

**ANSWER:** Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 30.

31. Plaintiff's attorney followed Plaintiff to the hospital.

**ANSWER:** Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 31.

32. Plaintiff was taken to Mt. Sinai Hospital for medical attention. Plaintiff was treated for his injuries, including a cut on this head that required staples.

**ANSWER:** Defendants are without sufficient knowledge or information necessary to respond to the allegation contained in paragraph 32.

33. Plaintiff filed a grievance, and has exhausted his administrative remedies.

**ANSWER:** Defendants deny the allegations contained in paragraph 33.

34. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:** Defendants deny the allegations contained in paragraph 34.

35. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including emotional distress, physical pain and suffering, mental anguish and humiliation, and special damages including medical expenses.

**ANSWER:** Defendants deny the allegations contained in paragraph 35.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

36. Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein.

**ANSWER:** Defendants restate and reincorporate their responses to paragraphs 1 through 35 as their answer to paragraph 36.

37. The actions of Defendant-Officer WOODS violated Plaintiff's right to be free from the use of excessive and unreasonable force.

**ANSWER:** Defendants deny the allegations contained in paragraph 37.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

38. Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein.

**ANSWER:** Defendants restate and reincorporate their responses to paragraphs 1 through 35 as their answer to paragraph 38.

39. While Plaintiff was subjected to excessive force as described above, Defendant-officer DUGGER had an opportunity to intervene, but chose not to intervene.

**ANSWER:** Defendants deny the allegations contained in paragraph 39.

40. Defendant-Officer DUGGER was deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

**ANSWER:** Defendants deny the allegations contained in paragraph 40.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9 – 102)

41. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

**ANSWER:** Defendants restate and reincorporate their responses to paragraphs 1 through 35 as their answer to paragraph 41.

42.     The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:**     Defendants deny the allegations contained in paragraph 42.

43.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant COOK COUNTY is liable for any judgment in this case arising from the actions of the Defendant-Officers.

**ANSWER:**     Defendants deny the allegations contained in paragraph 43.

## AFFIRMATIVE DEFENSES

NOW COME Defendants COOK COUNTY, OFFICER W. WOODS and OFFICER J. DUGGER, by their attorney, Richard A. Devine, Cook County State's Attorney, through his assistant, Michael L. Gallagher, and state the following Affirmative Defenses:

1.     The Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights.  Accordingly, the Defendants are entitled to the defense of Qualified Immunity.

2.     The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  See Massey v. Helman, 196 F.3d 727 (7th Cir. 1999).

3.     Defendants are immune from Plaintiff's state law claims under 745 ILCS 10/2-202 of the Illinois Tort Immunity Act which provides as follows:  "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act constitutes willful or wanton conduct."

9

WHEREFORE, Defendants COOK COUNTY, OFFICER W. WOODS and OFFICER J. DUGGER, pray that this Honorable Court enter a finding that Plaintiff is not entitled to the relief requested in the Complaint and that Plaintiff's Complaint be dismissed with prejudice and that this Court grant other such relief to Defendants as it deems proper and just.

## JURY DEMAND

Defendants respectfully demand trial by jury.

Respectfully Submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

/s/ Michael L. Gallagher
Michael L. Gallagher
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3124
No. 6284132